AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
MAR 29 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

| | |
|---|---|
| United States of America<br>v.<br>DMARCE HUTCHERSON<br><br>Defendant(s) | ) ) ) Case No.<br>) ) 4 12 70854<br>) ) **MAG** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __03/28/2012__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(b) | forcibly assaulted an officer of the United States Government using a deadly or dangerous weapon<br><br>Not more than 20 years Imprisonment<br>$250,000- Fine<br>Not more than 3 years- Supervised Release<br>$100 Special Assessment |

This criminal complaint is based on these facts:

**See attached Affidavit**

☐ Continued on the attached sheet.

App'd /s/

_____
Complainant's signature

ARTHUR D. PERALTA
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/29/2012

_____
Judge's signature

City and state: San Francisco, CA

Nathanael Cousins
Printed name and title
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT       )
                                   )      <u>AFFIDAVIT</u>
NORTHERN DISTRICT OF CALIFORNIA    )

# **AFFIDAVIT**

I, Arthur D. Peralta, being duly sworn, depose and state that:

1.      I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I have been a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives since July 30, 2001. I am a graduate of the Criminal Investigator Training Program given at the Federal Law Enforcement Training Center, Brunswick, Georgia and the Bureau of Alcohol, Tobacco, Firearms and Explosives National Academy also presented in Brunswick, Georgia. During these courses of study I received training in the investigation of Federal Firearm and Explosives Violations. Prior to my employment as a Special Agent, I was a Police Lieutenant with the Santa Fe Police Department, Santa Fe, New Mexico. I held assignments in the Field Services Division and in the Investigations Division, specifically in the investigation of White Collar Crime and Crimes Against Children. I was also assigned to the Gang Unit and conducted investigations involving the possession and use of firearms by prohibited persons. I spent ten years in the United States Air Force serving as a Law Enforcement Specialist. During my service I held positions in both Field Service and Criminal Investigations. I participated in numerous narcotics investigations and was part of Joint Drug Enforcement Team comprised of Air Force Office of Special Investigations personnel and law enforcement personnel from the Bedfordshire Constabulary, Bedford, United Kingdom. During my employment with ATF I have conducted or participated in several investigations related to the possession and manufacture of firearms in violation of Titles 18 and 26 of the United States Code and investigations related to the possession and use of explosives in violation of Title 18 of the United States Code.

2.   Title 18 U.S.C., Section 111, provides that:

(a) Whoever-

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties;

shall, where the acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty-whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

3.   This affidavit is in support of a criminal complaint charging Otis MOBLEY (hereinafter referred to as O MOBLEY), Khusar MOBLEY (hereinafter referred to as K MOBLEY) and Dmarce HUTCHERSON (hereinafter referred to as HUTCHERSON) with a violation of Title 18, U.S.C., Section 111, Assaulting, resisting, or impeding certain officers or employees. The information contained herein is based on my review of the reports and files in the case, conversations with other law enforcement personnel, my own personal knowledge and video recorded evidence.

4.   Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about March 28, 2012, O MOBLEY, K MOBLEY and HUTCHERSON forcibly assaulted an officer of the United States Government, as described in 18 U.S.C. § 1114, using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(b).

## BASIS OF PROBABLE CAUSE

5. On March 28, 2012, ATF Agents conducted an undercover (UC) operation in Richmond, California in an attempt to purchase an illegal firearm (grenade launcher for $1,000.00) from individuals identified as O MOBLEY and Robert WILLIAMS.

6. Specifically, an ATF Special Agent who is an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives acting in an UC capacity (hereinafter "ATF UC"), and was engaged in the performance of his official duties throughout these events, made arrangements through a third party to meet with O MOBLEY and Robert WILLIAMS and purchase the above described weapon on March 28, 2012.

7. On March 28, 2012 at approximately 3:00 P.M., the ATF UC arrived at the meet location (Chevy's Restaurant parking lot in Richmond, California.) The UC parked his UC vehicle and waited for the arrival of O MOBLEY and Robert WILLIAMS. The ATF UC was the driver of the vehicle and occupied the driver's seat. The third party remained in the front passenger seat. Another individual was in the back seat traveling to the meeting, but got out of the vehicle after arriving at the parking lot. The vehicle was equipped with audio and video recorders that recorded the incident.

8. Robert WILLIAMS did not arrive and was not present at the meet location during the subsequent assault of the ATF UC.

9. At approximately 3:09 P.M., HUTCHERSON entered the UC vehicle, which was a four door sedan, and sat in the rear passenger seat behind the driver's seat. K MOBLEY entered the UC vehicle and sat in the rear passenger seat behind the front right passenger seat. The identities of HUTCHERSON and K MOBLEY as the left and right rear passengers were confirmed by multiple law enforcement officers involved in this investigation.

10. K MOBLEY entered the UC vehicle with a gray bag or jacket tucked under his left arm. HUTCHERSON entered the UC vehicle carrying a black duffle bag.

11. O MOBLEY did not enter the UC vehicle, but waited outside of the UC vehicle near the trunk. O MOBLEY was in a position to view and listen to the activities inside the vehicle through the rear window.

12. Upon entering the UC vehicle, the occupants greeted each other. Approximately forty (40) seconds after entering the UC vehicle, K MOBLEY produced a black pistol with an extended magazine from his person and pointed the pistol over the front passenger seat directly at the UC. K MOBLEY's index finger was clearly placed on the trigger of the firearm.

13. The ATF UC said, "Don't shoot, don't shoot, I'll give you everything you need. Let me park the car, let me park the car. I'm emptying out my pockets."

14. HUTCHERSON was sitting next to K MOBLEY and produced a pistol which he held in his hand. HUTCHERSON appeared to be assisting K MOBLEY in the assault and robbery.

15. Approximately sixteen (16) seconds after K MOBLEY pointed the pistol at the UC, the additional individual who had traveled to the meeting with the ATF UC is seen entering the passenger door and grabbing the pistol from K MOBLEY. The individual and K MOBLEY

struggled for approximately five (5) seconds, at which time the additional individual successfully took the pistol away from K MOBLEY.

16. After K MOBLEY lost his pistol, HUTCHERSON exited the rear passenger door. K MOBLEY followed HUTCHERSON out the rear passenger door behind the driver's seat. As HUTCHERSON exited the UC vehicle he was armed with a pistol and responding ATF Agents discharged their weapons at HUTCHERSON. A silver, semi-automatic pistol was found on the ground next to HUTCHERSON. HUTCHERSON and K MOBLEY were taken into custody. Both firearms were seized. Recovered were a Sturm Ruger and Company, Model P85, 9mm pistol, serial number 302-61929, and a Inter Dynamic, Model Mini KG99, 9mm pistol, serial number 18164.

17. O MOBLEY, who stayed outside of the UC vehicle, ran into an adjacent field and was arrested approximately forty-five minutes later.

## CONCLUSION

18. Based on the foregoing evidence, there is probable cause to believe that the defendants, Otis MOBLEY, Khusar MOBLEY and Dmarce HUTCHERSON, did forcibly assault an officer of the United States Government, as described in 18 U.S.C. § 1114, using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(b).

1  I declare under the penalty of perjury that the foregoing statements are true and correct to
2  the best of my knowledge.
3
4
5                                              _____
6                                              Arthur D. Peralta
                                               Supervisory Special Agent
7                                              ATF
8
9
10
11
12
13
14
15
16  Subscribed and sworn to before me this
17  __29__ Day of March 2012, at San Francisco,
18  California.
19
20  _____
21  Honorable Nathanael M. Cousins
    United States Magistrate Judge
22  Northern District of California
23
24
25
26
27
28                                  6 of 6